UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HUSSEIN M. AL-MAMORY,

Plaintiff,

v.

SNOHOMISH COUNTY JAIL, TAYLOR HAUPE, R.N.,

Defendants.

Case No. C16-243 JLR-BAT

**REPORT AND RECOMMENDATION**

Hussein M. Al-Mamory, who is no longer incarcerated, filed a 28 U.S.C. § 1983 prisoner civil rights complaint against the Snohomish County Jail (SCJ) and SCJ employee, Nurse Taylor Haupe, for conduct which allegedly occurred while he was incarcerated at the SCJ. Dkt. 4. The Court declined to serve the complaint due to several deficiencies. Despite these deficiencies, the Court granted plaintiff leave to file an amended complaint or to show cause why his claims should not be dismissed. Dkt. 5. Plaintiff filed an amended complaint on March 28, 2016. Dkt. 8. Because the amended complaint suffers from the same deficiencies, the undersigned recommends the amended complaint be dismissed without prejudice for failure to state a claim.

**FACTUAL ALLEGATIONS**

In his original complaint, plaintiff alleges that in March and December 2015, while he was receiving treatment for his diabetes, Nurse Haupe made inappropriate comments to him about losing his penis and shooting drugs. Plaintiff reported the behavior to Nurse Haupe's

supervisor and Nurse Haupe lost his job. Plaintiff claims that his requests for copies of grievances and public records requests relating to Nurse Haupe have been ignored. Dkt. 1-1, at 3. Plaintiff sought $1.5 million in damages due to "sexual harassment, failure to provide due process, and denial of public records." *Id.*, at 4. He acknowledged that there is a grievance procedure available at the Snohomish County Jail, but that he did not complete the grievance process. *Id.*, at 2.

The Court advised plaintiff that his complaint was deficient and subject to dismissal because he had not shown that he had properly exhausted his claims within the SCJ grievance system before filing his complaint; the SCJ is an agency not subject to suit under § 1983; his claims of verbal harassment did not establish conduct implicated by the Eighth Amendment; and, he had failed to state claims for denial of due process and denial of public records. Dkt. 8.

In his amended complaint, plaintiff seeks $1 million in damages for sexual harassment from the SCJ and Nurse Haupe. He omitted his claims for the denial of due process and denial of public records. With the exception of these changes, his amended complaint remains unchanged and remains deficient.

## DISCUSSION

To sustain a civil rights action under § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

**1. Parties to the Complaint.** Plaintiff sues the SCJ, a governmental agency that normally cannot be sued under § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990). The proper defendant would be Snohomish County, a municipality that

can be sued under § 1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Plaintiff was advised that if it was his intent to pursue a claim against Snohomish County, he must name Snohomish County as a party and allege facts setting forth how the County's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, his civil rights or that the County ratified the unlawful conduct. *Monell*, 436 U.S. at 690–91. He has not done so and his complaint against the Snohomish County Jail must be dismissed.

**2. Exhaustion.** Plaintiff acknowledges that there is a grievance procedure at the SCJ, that he filed a grievance, but the grievance process was not complete at the time he filed his complaint. Dkt. 4, at 2; Dkt. 8, at 2.

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all administrative remedies *before* bringing a § 1983 claim. 42 U.S.C. § 1997e(a); *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009). To effectively exhaust his administrative remedies, an inmate must use all the formal steps of the prison grievance process. *Id*. Because the purpose of exhaustion is to give prison administrators a chance to resolve the issues, the inmate must exhaust each of his claims through grievances containing enough factual specificity to notify officials of the alleged harm. *Id.* at 1120.

The conduct described in the amended complaint allegedly occurred in March and December of 2015. Plaintiff was not released from the Snohomish County Jail until February 19, 2016. The Court directed plaintiff to provide information regarding his attempts to complete the grievance process so that the Court may determine whether his claims in this lawsuit have been brought prematurely. He has failed to do so and therefore, the amended complaint should

be dismissed.

**3. Sexual Harassment.** Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir.1997); *see, e.g., Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir.1996), *amended*, 135 F.3d 1318 (9th Cir.1998) (disrespectful and assaultive comments by prison guard not enough to implicate Eighth Amendment); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir.1987) (directing vulgar language at prisoner does not state constitutional claim); *Burton v. Livingston*, 791 F.2d 97, 99 (8th Cir.1986) ("mere words, without more, do not invade a federally protected right"). Allegations of mere threats also are not cognizable under § 1983. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir.1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result). A prisoner may state an Eighth Amendment claim under § 1983 for sexual harassment only if the alleged harassment was sufficiently harmful, that is, a departure from "the evolving standards of decency that mark the progress of a maturing society," and the defendant acted with intent to harm the prisoner. *Thomas v. District of Columbia*, 887 F.Supp. 1, 3–4 (D.D.C.1995) (*citing Hudson v. McMillian*, 503 U.S. 1, 6, 8 (1992)) (internal quotations and citation omitted).

Plaintiff's allegations that Nurse Haupe verbally assaulted him do not establish conduct implicated by the Eighth Amendment. Although the Ninth Circuit has recognized that sexual harassment may constitute a cognizable claim for an Eighth Amendment violation, the Court has specifically differentiated between sexual harassment that involves verbal abuse and that which involves allegations of physical assault, finding the later to be in violation of the constitution. *Schwenk v. Hartford*, 204 F.3d 1187, 1198 (9th Cir.2000). The amended complaint should be dismissed.

**CONCLUSION**

Where a pro se litigant's complaint fails to state a claim upon which relief can be granted, the Court generally grants him the opportunity to amend the complaint. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id*. Mr. Al-Mamory was given an opportunity to amend his complaint to cure the noted defects, but he failed to do so. It appears likely that any amendment will remain subject to dismissal because he failed to exhaust his administrative remedies.

Therefore the Court recommends that this action be **DISMISSED without prejudice for failure to state a claim.** A proposed order accompanies this Report and Recommendation. Any objections to this Recommendation must be filed by **Monday, April 25, 2016.** The Clerk should note the matter for **Wednesday, April 27, 2016**, as ready for the District Judge's consideration if no objection is filed. If plaintiff files an objection, he must note the matter for the Court's consideration 14 days from the date the objection is filed and served. Objections shall not exceed seven (7) pages. The failure to timely object may affect the right to appeal.

The Clerk shall provide a copy of this Report and Recommendation to plaintiff and to the Honorable James L. Robart.

DATED this 4th day of April, 2016.

BRIAN A. TSUCHIDA
United States Magistrate Judge